**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT EUGENE BEEMER, : | CIVIL ACTION NO. 01-3759 (JCL) |
| Plaintiff, : | |
| v. : | **MEMORANDUM AND ORDER** |
| JOHN ASHCROFT, Attorney General; : UNITED STATES DEPARTMENT OF : JUSTICE; IMMIGRATION AND : NATURALIZATION SERVICE, : | |
| Defendants. : | |

FILED JAN 0 3 2002 AT 8:30 WILLIAM T. WALSH CLERK

ENTERED ON THE DOCKET JAN 8 2002 WILLIAM T. WALSH, CLERK

**LIFLAND, District Judge**

Defendants Attorney General John Ashcroft, the United States Department of Justice, and the Immigration and Naturalization Service (collectively the "Defendants") move to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

Plaintiff Scott Eugene Beemer ("Beemer") is employed by the Immigration and Naturalization Service (the "INS") in New York City, New York. (Compl. ¶ 1.) On August 20, 2000, Beemer suffered a lower back injury while working. (Compl. ¶ 2.) Beemer was placed on temporary disability by his physicians, and placed on continuance of pay by the INS from August 21, 2000 through October 5, 2000. (Compl. ¶¶ 5-6.) Beemer states that following the completion of his pay continuance, he expected to begin receiving workers' compensation benefits within six to eight weeks. (Compl. ¶ 5.) Instead, Beemer states that he did not receive his first benefits check

until May 22, 2001. (Compl. ¶ 5.)

Beemer alleges that the delay in receiving his compensation payments resulted in severe economic hardships, leading to the repossession of his automobile, and the loss of his home. (Compl. ¶ 8.) Ultimately, Beemer alleges, he and his family were forced to seek housing in a homeless shelter. (Compl. ¶ 8.)

Beemer alleges that he contacted the INS on seven occasions between October 5, 2000 and May 22, 2001 regarding the status of his compensation payments, and the severity of his financial situation. (Compl. ¶ 9.) Beemer alleges that on each occasion the INS stated that the necessary paperwork concerning his compensation claim had been "lost." (Compl. ¶ 9.) Beemer also alleges that he made numerous attempts to contact his workers' compensation caseworker at the Department of Labor, to no avail. (Compl. ¶ 11.)

Beemer filed this pro se Complaint on August 9, 2001 seeking damages for the financial hardships imposed by the alleged delay in providing compensation, and the Defendants filed this motion to dismiss. In this motion, the Defendants do not respond to the substance of Beemer's allegations, but argue that Beemer's failure to pursue his grievances through the applicable administrative avenues warrants the dismissal of his Complaint. Beemer has filed nothing in opposition to this motion.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). A motion to dismiss considers only the pleadings, and certain

narrowly defined materials, such as a "document integral to or explicitly relied upon in the complaint," or an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." In re Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

A pro se complaint is evaluated under a more liberal pleading standard than if prepared by counsel. See Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir.1997). This Court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" In re Burlington Coat Factory, 114 F.3d at 1429-30 (citations omitted). In the case of a pro se litigant, therefore, the Court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

## ANALYSIS

The Defendants note that Beemer's Complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the court's jurisdiction, and the claims entitling relief. Nonetheless, the Defendants concede that Beemer's Complaint raises three distinct causes of action, and a basis for this Court's federal question jurisdiction under 28 U.S.C. § 1331. First, Beemer alleges that the Defendants' extreme delay in processing his workers'

compensation claim was intentionally or recklessly negligent. (Compl. ¶ 8.) Second, Beemer alleges that the Defendants' delay was taken in retaliation for his prior complaints to the Equal Employment Opportunity office, and for "his involvement in whistleblowing about the management" of the INS. (Compl. ¶ 9.) Third, Beemer alleges that the Defendants' delay in processing his benefits violated the internal guidelines of the Office of Workers' Compensation. (Compl. ¶ 5.) Each of these allegations, however, fails to survive the Defendants' motion to dismiss.

Beemer's negligence claim is subject to the strict limitations imposed by the Federal Tort Claims Act (the "FTCA"). 28 U.S.C. §§ 2671-2680. The FTCA is the exclusive waiver of sovereign immunity for negligence actions against the United States. Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997). The FTCA requires that a person seeking to bring suit against the government or a government agency must first raise the claim through the appropriate administrative channel. 28 U.S.C. § 2675(a);[1] Bialowas v. United States, 443 F.2d 1047, 1049 (3d. Cir. 1971). This prerequisite is a limitation on the jurisdiction of the federal courts, and cannot be waived. Bialowas, 443 F.2d at 1049; see also Richardson v. Knud Hansen Mem'l Hosp., 744 F.2d 1007, 1010 (3d Cir. 1984) ("It is a general rule, frequently repeated, that the terms of a sovereign's waiver of immunity define a court's jurisdiction"); Jama v. INS, 22 F. Supp. 2d 353, 367 (D.N.J. 1998).

---

[1] 28 U.S.C. § 2675(a) states in relevant part that:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

In this case, Beemer does not allege that he has initiated an administrative tort claim against the INS. As Beemer has not begun to exhaust his administrative remedies concerning his negligence claims, this Court lacks jurisdiction over his negligence cause of action.

The situation as to Beemer's claim of retaliation by the INS for his prior EEO activity is similar. It is well-established that federal employees seeking to challenge an allegedly discriminatory employment action in federal court must first exhaust all available administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) (noting the "basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief"). The administrative procedure applicable to employees of the INS is codified in the Federal Sector Equal Employment Opportunity policy, 29 C.F.R. § 1614.103(a), (b)(2) (2001) (stating that "complaints of employment discrimination and retaliation . . . on the basis of race, color, religion, sex and national origin . . . shall be processed in accordance with this part"); 42 U.S.C. § 2000e-3(a) (stating that unlawful employment practices include discrimination against employees for challenging allegedly unlawful employment practices); Urban v. Henderson, No. 99-4244, 2001 WL 484119, at *2 (E.D. Pa., Apr 05, 2001). Under these regulations, employees of an executive agency who believe they have been discriminated against must contact an Equal Employment Opportunity Counselor "within 45 days of the date of the matter alleged to be discriminatory," in order to attempt to "informally resolve the matter" before filing a complaint. 29 C.F.R. § 1614.105(a)(1).

The forty-five day time limit is not a jurisdictional requirement, but rather "analogous to a statute of limitations" and thus "subject to equitable modifications." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994); see also Zipes v. Trans World Airlines, Inc.,

5

455 U.S. 385, 393 (1981). The forty-five day time limit of section 1614.105(a)(1) should be modified where:

> [T]he individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission..

29 C.F.R. § 1614.105(a)(2). The Plaintiff carries the burden to demonstrate facts justifying a tolling of the time limitation. Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985); Weber v. Henderson, No. 99-CV-2763, 2001 WL 285605, at *3 (E.D. Pa. Mar 21, 2001).

In this case, Beemer does not allege that he has contacted an EEO Counselor, or filed any administrative grievance with the EEOC. Beemer's Complaint offers no basis for equitable tolling of the administrative time limits, and his diligence in pursuing the status of his workers' compensation benefits suggests no impediment to contacting an EEO Counselor as required. Moreover, Beemer's prior experience with the EEO grievance system demonstrates that he was familiar with the process for contacting an EEO Counselor. (Compl. ¶ 9.) As the Third Circuit has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights," equitable tolling is not appropriate. Robinson, 107 F.3d at 1023.

A similar analysis precludes Beemer's claim of retaliation for his "whistleblower activities." Retaliation against an employee for disclosure of information "which the employee or applicant reasonably believes evidences . . . a violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger

6

to public health or safety," is a prohibited employment practice under the Civil Service Reform Act. 5 U.S.C. § 2302(b)(8); see also Watson v. Dep't of Justice, 64 F.3d 1524, 1527 (Fed. Cir. 1995); Hanna v. Herman, 121 F. Supp. 2d 113, 122 (D.D.C. 2000). An employee alleging retaliation in response to whistleblowing must first seek redress through the Office of Special Counsel, and may then appeal an adverse decision to the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 2302; Camastro v. Dep't of Justice, No. 00-3411, 2001 WL 1557489, at *2 (Fed. Cir. Dec 04, 2001) (unpublished); Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371-72 (Fed. Cir. 2001).[2] Exhaustion of these administrative requirements is a prerequisite to filing a suit in federal court.[3] As Beemer has not alleged that he has contacted the Office of Special Counsel, he may not now bring a claim for retaliation based on whistleblower activities in this Court.

Beemer's final allegation, that the Defendants' delay in processing his benefits violated the internal guidelines of the Office of Workers' Compensation, is subject to a similar administrative

---

[2] Alternatively, in cases such as the instant matter where the employee alleges retaliation for whistleblower activity and discrimination, the employee may present both claims to either an EEO Counselor, or the MSPB. Quinn v. West, 140 F. Supp. 2d 725, 732-33 (W.D. Tex. 2001). As an employee may not file both an MSPB appeal and an EEO complaint simultaneously, the first filed action constitutes a decision to proceed in that forum, and determines compliance with the forty-five day time limit of 29 C.F.R. § 1614.105(a)(1). 29 C.F.R. § 1614.302(b) (stating that "[t]he date on which the person filed his or her appeal with the MSPB shall be deemed to be the date of initial contact with the [EEO] counselor").

[3] Although the precise basis for Beemer's whistleblower cause of action is unclear from the face of his Complaint, the Court notes that the administrative requirements of the Civil Service Reform Act cannot be circumvented by a suit under the Federal Tort Claims Act, Grisham v. United States, 103 F.3d 24, 27 (5th Cir. 1997); Gergick v. Austin, 997 F.2d 1237 (8th Cir. 1993), Rivera v. United States, 924 F.2d 948 (9th Cir. 1991), or a Bivens action under the Fifth Amendment to the United States Constitution, Grisham, 103 F.3d at 26 n.2, Gregory, 997 F.2d at 1239, Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir. 1988), or through an implied private right of action under the Civil Services Reform Act, Olivares v. NASA, 934 F. Supp. 698, 705 (D. Md. 1996), aff'd, 114 F.3d 1176 (4th Cir. 1997) (unpublished).

defect. The Office of Workers' Compensation administers the Federal Employees' Compensation Act ("FECA"), a statute that provides benefits to federal employees injured in the workplace. 5 U.S.C. § 8102(a) (stating that the United States "shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty"); § 8145(2) (permitting the Secretary of Labor to delegate administration of FECA). FECA is the exclusive remedy for workplace injuries within its coverage, and prohibits employees from electing alternative remedies such as suits under the FTCA. 5 U.S.C. § 8116(c);[4] see also Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983); Joyce v. United States, 474 F.2d 215, 218-19 (3d Cir. 1973). The Secretary of Labor, or the Secretary's authorized designee, holds the sole discretion to determine which job-related injuries are compensable under FECA. 5 U.S.C. § 8128(b). The Secretary's determinations, moreover, are not reviewable in federal court. Id. (stating that the "action of the Secretary or his designee in allowing or denying a payment under this subchapter is . . . final and conclusive for all purposes and with respect to all questions of law and fact; and . . . not subject to review by another official of the United States or by a court by mandamus or otherwise").

---

[4] 5 U.S.C. § 8116(c) states that:
The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

In this case, Beemer's back injury is clearly a workplace injury subject to the provisions of FECA. Beemer's Complaint, however, seeks damages for the Defendants' delay in processing his workers' compensation benefits, and not his physical injuries. It is well-settled that FECA prohibits federal employees from filing tort actions for injuries caused by medical malpractice in treating a workplace injury. <u>Lance v. United States</u>, 70 F.3d 1093, 1095 (9th Cir. 1995); <u>McCall v. United States</u>, 901 F.2d 548, 550-51 (6th Cir. 1990); <u>Gold v. United States</u>, 387 F.2d 378 (3d Cir. 1967); <u>Balancio v. United States</u>, 267 F.2d 135, 136-37 (2d Cir. 1959). As Judge Hand noted in <u>Balancio</u>, FECA should be interpreted under the common-law rule that in a claim for negligence, "the initial wrong is the cause of all that follows, even when there has intervened a succeeding negligent act that produced the aggravation." <u>Balancio</u>, 267 F.2d at 137.

A recent decision of the Eleventh Circuit applied this reasoning to a claim analogous to the instant action, holding that the administrative delay in approving a workers' compensation claim is similarly subject to FECA's tort claim bar. <u>Noble v. United States</u>, 216 F.3d 1229 (11th Cir. 2000). In <u>Noble</u>, the plaintiff brought suit to recover for injuries allegedly caused by the delay in processing his request for surgery to treat a job-related injury. <u>Id.</u> at 1235. Noting the decisions discussing medical malpractice claims, the <u>Noble</u> Court concluded that "[l]ike a government doctor whose intervening malpractice increases or prolongs pain" caused by a workplace injury, a delay in processing benefits "does not break the causal connection between [the] initial on-the-job injury," and the resulting harms suffered during the delay. <u>Id.</u> at 1236. Here, as in <u>Noble</u>, it is alleged that the Defendants "failed to act in a manner that may have curtailed the damages precipitated" by Beemer's initial injury. <u>Id.</u> This Court agrees with the reasoning of the Eleventh Circuit, and finds that Beemer's cause of action for the alleged violation of the OWCP guidelines is subject to FECA,

9

and may only be raised through the Office of Workers Compensation.

Each of Beemer's allegations, viewed in the light most favorable to him, fails to state a claim within this Court's subject matter jurisdiction. However, those allegations, taken as true, cause this Court to make the following comments. The Defendants have not contested Beemer's description of his odyssey through the INS's compensation office, and his unanswered calls for help to the Department of Labor. Beemer's allegation that his benefits application was lost by the INS seven times is an outrageous example of incompetence that warrants the attention of INS top management. The Defendants would be well-advised to take immediate steps to prevent future breakdowns of the administrative process before the injuries of other federal employees result in more personal tragedy and litigation.

Accordingly **IT IS** on this 3rd day of January 2002,

**ORDERED** that the motion of Defendants Attorney General John Ashcroft, the United States Department of Justice, and the Immigration and Naturalization Service to dismiss the Complaint is granted.

John C. Lifland
United States District Judge